Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE FAIRWAY ACQUISITIONS FUND, LLC<br><br>Apelante<br><br>V.<br><br>ABIMAEL CRUZ ALONSO<br><br>Apelada | KLAN202301126 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Hatillo<br><br>Caso Núm.: HA2022CV00275 (101)<br><br>Sobre: COBRO DE DINERO (REGLA 60) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2024.

La apelante, Island Portfolio Services, LLC, solicita que revoquemos la Sentencia en la que el Tribunal de Primera Instancia desestimó la demanda de cobro de dinero presentada al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V.

Los hechos procesales pertinentes para resolver este recurso son los siguientes.

**I**

El 28 de noviembre de 2022, la apelante presentó una demanda de cobro de dinero al amparo de la Regla 60, *supra.* Island Portfolio Services alegó que es una agencia de cobro y la tenedora y dueña de la cuenta 10100130588110101, cuyo deudor es el señor Abimael Cruz Alonso. La apelante adujo que adquirió la deuda del acreedor original, Banco Popular de Puerto Rico, y que es por la cantidad de $5,848.60.

La apelante notificó al señor Abimael Cruz Alonso a la última dirección conocida dirección postal HC7 Box 31635, Hatillo, PR 00659.

La vista se realizó el 25 de enero de 2023. El señor Abimael Cruz Alonso no compareció. La apelante hizo constar que la notificación-citación apareció *unclaimed*. El TPI concedió 15 días a la apelante para que informara el curso de acción a seguir. Página 28 del apéndice. La apelante informó que notificó correctamente al señor Cruz Alonso, envió la notificación a la dirección que había enviado previamente la carta de cobro y esa la había recibido. Island Portfolio Services pidió nuevamente el señalamiento de vista y la expedición de citaciones, a la misma dirección, estando convencido de que era la dirección correcta.

El 14 de junio de 2023 se celebró por segunda ocasión la vista. El apelado no compareció. La apelante informó que el correo postal devolvió nuevamente la citación. El TPI desestimó el caso sin perjuicio, porque era la segunda ocasión en la que se realizaba la vista y la notificación era devuelta.

La apelante solicitó reconsideración y que se ordenara la conversión del pleito al trámite o procedimiento ordinario, conforme a lo resuelto en *Cooperativa v. Hernández Hernández,* 205 DPR 624 (2020). El TPI denegó la reconsideración.

Inconforme la apelante presentó este recurso en el que alega que:

> Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso sin antes convertir el asunto al trámite ordinario, según lo resuelto en *Primera Cooperativa de Ahorro v. Hernández Hernández,* 205 DPR 624 (2020).

**II**

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, establece un procedimiento sumario en los casos de cobro de dinero por una cantidad que no exceda $15,000.00. Su texto es el siguiente:

Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de esta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.

La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al tribunal que la parte demandada tiene alguna reclamación sustancial o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.
.....

El propósito primordial de la Regla 60, *supra,* es agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas. Así se facilita el acceso a los tribunales y una justicia más rápida, justa y económica. Las Reglas de Procedimiento Civil aplican supletoriamente, siempre que no sean incompatibles con el procedimiento sumario. El emplazamiento por

edicto, la contestación a la demanda, el descubrimiento de prueba, las reconvenciones, la demanda contra terceros, entre otros, son incompatibles con el procedimiento sumario de la Regla 60. A diferencia del diligenciamiento personal que, es compatible, a pesar de no estar específicamente dispuesto en dicha regla. *RMCA v. Mayor Bianchi,* 208 DPR 100, 107-108 (2021); *Cooperativa v. Hernández Hernández,* 205 DPR 624, 630-632 (2020).

El Tribunal Supremo de Puerto Rico aclaró que antes de desestimar una demanda basada en la Regla 60, *supra,* hay que considerar su conversión al procedimiento ordinario. El foro primario está obligado a hacer esa consideración, independientemente de que haya transcurrido el plazo de 10 días para diligenciar la notificación-citación. *Cooperativa v. Hernández Hernández,* supra*,* pág. 628. Según el Tribunal Supremo de Puerto Rico, la redacción de la Regla 60, *supra,* se inclina hacia la conversión ordinaria del procedimiento y no a la desestimación. *Cooperativa v. Hernández Hernández,* supra, pág. 638. Fue enfático en que la desestimación en un procedimiento de Regla 60, *supra,* contraviene y hace impráctico el principio cardinal de solución justa, rápida y económica de las controversias y lesiona el debido proceso de ley y el acceso al foro judicial. *Cooperativa v. Hernández Hernández,* supra*,* pág.639.

La Regla 60, *supra,* permite que cualquiera de las partes solicite que el pleito continue tramitándose de forma ordinaria y el tribunal puede hacerlo *motu proprio.* La conversión del caso a ordinario no es automática, ya que es un asunto que el tribunal tiene que sopesar sus méritos. El Tribunal Supremo de Puerto Rico resumió las instancias en las que un caso puede convertirse en ordinario y son las siguientes: (1) el demandado demuestra que tiene una reclamación sustancial, (2) cuando las partes solicitan en el interés de la justicia que el pleito se ventile de forma

ordinaria, (3) el tribunal tiene discreción para ordenarlo *motu proprio,* en el interés de la justicia y (4) la demandante no conoce ni provee el nombre y dirección del deudor, (5) es necesario emplazar por edictos. *RMCA v. Mayor Bianchi,* supra*,* pág. 108; *Cooperativa v. Hernández Hernández,* supra, págs. 637- 638.

**III**

La apelante tiene razón. El TPI abusó de su discreción al desestimar el caso y no ordenar su conversión al procedimiento ordinario. La decisión apelada es contraria a lo resuelto por el Tribunal Supremo de Puerto Rico en *Cooperativa v. Hernández Hernández,* supra. El foro apelado no observó la norma que inclina la Regla 60*, supra,* hacia la conversión ordinaria del procedimiento y no a la desestimación. Su proceder constituye un incumplimiento con la directriz de que antes de desestimar la demanda, tiene que considerar la conversión al procedimiento ordinario, independientemente de que haya transcurrido el plazo para diligenciar la notificación-citación.

Portfolio actuó conforme a derecho, porque notificó al deudor en dos ocasiones distintas a su última dirección conocida y acompañó la demanda con evidencia que sustenta su alegada acreencia. No obstante, no puede atribuírsele responsabilidad, porque en ambas ocasiones la notificación-citación fue devuelta. Después de todo, la reclamación de una carta certificada es un acto absolutamente unilateral del destinatario.

La Regla 60, *supra,* facultad a la apelante a solicitar la conversión del procedimiento a ordinario. Su reclamo procede porque existen algunas de las instancias en las que el Tribunal Supremo de Puerto Rico así lo ha reconocido. La decisión apelada atenta contra el interés de la justicia, la solución justa, rápida y económica de las controversias, el debido proceso de ley y el acceso al foro judicial. El foro apelado incurrió en tales violaciones, porque

penaliza con la desestimación a la apelante que ha sido diligente y la obliga a presentar otro pleito para probar su reclamación. Por último, la devolución en dos ocasiones de la notificación a la última dirección conocida evidencia la posibilidad de que sea necesario emplazar por edictos.

## IV

Por lo antes expuesto, se revoca la sentencia apelada y se ordena la continuación del caso por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones